FILED

FEB 25  7 48 AM '00

CLERK U.S. DIST. COURT
EASTERN DIST. OF CALIF.
AT FRESNO
BY _____
        DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY PIZARRO, | CASE NO. CV-F-00-5019 REC SMS P |
| Plaintiffs, | ORDER SEVERING PLAINTIFFS' CLAIMS AND DIRECTING CLERK |
| vs. | TO SEND PLAINTIFFS DOCUMENTS |
| CORCORAN STATE PRISON, et al., | |
| Defendants. | CIV F- 00 - 5313 REC SMS P |

Plaintiffs ("plaintiffs") are state prisoners proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.

After reviewing the record in this action, the court has determined that each plaintiff should proceed separately on his own claim. The Federal Rules of Civil Procedure provide "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. Pro. 21. Courts have broad discretion regarding severance. See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

In the instant action, plaintiffs are individuals in the custody of the California Department of Corrections. In this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals.

1

Accordingly, the court will order that plaintiffs' claims be severed. Plaintiff Pizarro will proceed in this action, while the remaining plaintiffs will proceed in eighteen civil actions to be opened by the Clerk of the Court. Each plaintiff will proceed with his own action and will be solely responsible for his own action.

The Clerk of the Court will be directed to assign the new actions to the same district judge and magistrate judge assigned to the instant action. The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Since the claims of all of the plaintiffs except for Pizarro will be severed, those plaintiffs will be given thirty days to file, in their own actions, amended complaints and new applications for leave to proceed in forma pauperis, using the forms provided by the court with this order. Each plaintiff is cautioned that, if an individual action proceeds further, it is probable that each plaintiff will incur a liability in the amount of the $150.00 filing fee, which amount will be collected from the inmate's prison trust account. See 28 U. S. C. § 1915(b).

Plaintiff Esparza has submitted a completed application to proceed in forma pauperis. The court will not grant plaintiff Esparza's applications until he submits an amended complaint, as discussed in the preceding paragraph.

Plaintiff Wright has also submitted an application to proceed in forma pauperis. However, the application did not include the required original signature by an authorized officer of the institution of incarceration. Additionally, plaintiff Wright has not filed a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). When plaintiff Wright files his amended complaint, he must also submit a completed application to proceed in forma pauperis and a certified copy of his trust account statement for the six month period immediately preceding the filing of the complaint.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff Pizarro shall proceed as the sole plaintiff in case number CV-F-00-5019-REC-SMS-P;

2. The claims of the remaining eighteen plaintiffs are severed from the claims of plaintiff Pizarro;

3. The Clerk of the Court is directed to:

    a. Open eighteen separate civil actions for plaintiffs Martinez, Manzo, Salinas, Hardiman, Bland, Williams, Hagan, Dyas, Jones, Esparza, Castellano, Serrano, Baltazar, Soto, Wright, Montes, McDonald, and Sanchez;

    b. Assign each action to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

    c. File and docket a copy of this order in each of the eighteen files opened for the plaintiffs listed above;

    d. Place a copy of the complaint, filed January 5, 2000, in each of the eighteen files opened for the plaintiffs listed above;

    e. Place a copy of plaintiffs Wright's and Esparza's applications to proceed in forma pauperis in their files;

    f. Send each plaintiff an endorsed copy of the complaint, filed January 5, 2000, bearing the case number assigned to his own individual action.

4. The complaints of plaintiffs Martinez, Manzo, Salinas, Hardiman, Bland, Williams, Hagan, Dyas, Jones, Esparza, Castellano, Serrano, Baltazar, Soto, Wright, Montes, McDonald, and Sanchez are dismissed;

5. The Clerk of the Court is directed to send plaintiffs Martinez, Manzo, Salinas, Hardiman, Bland, Williams, Hagan, Dyas, Jones, Esparza, Castellano, Serrano, Baltazar, Soto, Wright, Montes, McDonald, and Sanchez a new form for filing a civil rights action under 42 U. S. C. § 1983;

6. The Clerk of the Court is directed to send plaintiffs Pizarro, Martinez, Manzo, Salinas, Hardiman, Bland, Williams, Hagan, Dyas, Jones, Esparza, Castellano, Serrano, Baltazar, Soto, Wright, Montes, McDonald, and Sanchez applications to proceed in forma pauperis;

7. Within thirty (30) days from the date of service of this order, plaintiffs Martinez,

Manzo, Salinas, Hardiman, Bland, Williams, Hagan, Dyas, Jones, Esparza, Castellano, Serrano, Baltazar, Soto, Wright, Montes, McDonald, and Sanchez shall each file an amended complaint;

8. Within thirty (30) days from the date of service of this order, plaintiffs Pizarro, Martinez, Manzo, Salinas, Hardiman, Bland, Williams, Hagan, Dyas, Jones, Esparza, Castellano, Serrano, Baltazar, Soto, Wright, Montes, McDonald, and Sanchez shall each file a completed application to proceed in forma pauperis and a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the original complaint.

9. If plaintiff Pizarro does not wish to proceed with the instant action, he shall notify the court in writing within twenty (20) days from the date of service of this order.

10. Plaintiff Esparza's application to proceed in forma pauperis will be granted upon the receipt of his amended complaint;

10. <u>Failure to comply with this order will result in a recommendations that the action be dismissed</u>.

DATED: 2/24/00

SANDRA M. SNYDER
UNITED STATES MAGISTRATE JUDGE

```
              United States District Court
                         for the
                Eastern District of California
                     February 28, 2000


              * * CERTIFICATE OF SERVICE * *


                                          1:00-cv-05313


    Martinez

        v.

    Corcoran State Pris

    _____
```

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on February 28, 2000, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

```
        Paul J Martinez                   REC        SMS P
        C-97594
        CSP-5
        Corcoran State Prison
        PO Box 3481
        Corcoran, CA  93212
        (1 IFP application, 1 42:1983 form)

        Morris Lenk
        Attorney General's Office of the State of California
        455 Golden Gate Avenue
        Suite 11000
        San Francisco, CA  94102-3664



                                        Jack L. Wagner, Clerk

                                        BY: _____
                                            Deputy Clerk
```