FILED

APR 17 4 08 PM '00

CLERK U.S. DIST. COURT
EASTERN DIST. OF CALIF
AT FRESNO
BY ________ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL J. MARTINEZ, Plaintiff, v. CORCORAN STATE PRISON, et al., Defendants. | CV F 00-5313 REC SMS P<br><br>FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF ACTION<br><br>(Doc. 3) |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. section 1983. This action was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

By order filed February 25, 2000, the court issued an order directing plaintiff to file an amended complaint and submit a completed application to proceed in forma pauperis and a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint, within thirty days. The thirty day period has now expired, and plaintiff has not filed an amended complaint and has not



submitted a completed application to proceed in forma pauperis or a certified copy of his prison trust account statement, or otherwise responded to the court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of

prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The court's order requiring plaintiff to file an amended complaint and complete an application to proceed in forma pauperis and submit a certified copy of his prison trust account statement expressly

stated: "failure to comply with this order will result in a recommendation that this action be dismissed." Thus, plaintiff received adequate warning that dismissal would result from his noncompliance with the court's order.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for plaintiff's failure to file an amended complaint and for plaintiff's failure to file a completed application to proceed in forma pauperis or submit a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b) (1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 4/17/00

UNITED STATES MAGISTRATE JUDGE

hm

United States District Court
for the
Eastern District of California
April 18, 2000

* * CERTIFICATE OF SERVICE * *

1:00-cv-05313

Martinez

v.

Corcoran State Pris

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on April 18, 2000, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

REC SMSP

Paul J Martinez
C-97594
CSP-5
Corcoran State Prison
PO Box 3481
Corcoran, CA 93212

Morris Lenk
Attorney General's Office of the State of California
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-3664

Jack L. Wagner, Clerk

BY: [signature]
Deputy Clerk